**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | | |
|---|---|---|
| BERNARD BRACEY, | : | **CIV. NO. 19-432 (RMB)** |
| Plaintiff | : | |
| v. | : | **OPINION** |
| BURLINGTON COUNTY DEP'T OF CORRECTIONS, *et al.*, | : | |
| Defendants | : | |

**BUMB**, United States District Judge

On January 11, 2019, Plaintiff Bernard Bracey, a former pre-trial detainee at Burlington County Jail who is represented by counsel, filed a civil rights action under 42 U.S.C. § 1983. (Compl., ECF No. 1.) On March 29, 2019, this Court issued an Order permitting the complaint to proceed pursuant to 28 U.S.C. § 1915A(b) and 42 U.S.C. 1997e(c)(1). (Order, ECF No. 3.) The complaint having been filed on March 29, 2019, service of the summons and complaint was due on June 27, 2019, pursuant to Federal Rule of Civil Procedure 4(m). Plaintiff never filed proof of service of the summons and complaint nor did Plaintiff take any other action.

I. DISCUSSION

Federal Rule of Civil Procedure 41(b) provides:

> (b) Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule-- except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

A court may *sua sponte* dismiss an action under Rule 41(b) for failure to prosecute. Parks v. Ingersoll-Rand Co., 380 F. App'x 190, 195-96 (3d Cir. 2010)

When dismissing an action as a sanction, a court should weigh the following factors:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3rd Cir. 1984).

   A.   Extent of the Party's Personal Responsibility

The Court issued summons to Plaintiff on January 14, 2019. (ECF No. 2.) Plaintiff was required by Federal Rule of Civil

2

Procedure 4(m) to serve the summons and complaint on the defendants by June 27, 2019. The Court has no record of Plaintiff having done so.

    B.    <u>Prejudice to the Adversary</u>

Plaintiff has not served the summons and complaint on the defendants.

    C.    <u>History of Dilatoriness</u>

Plaintiff has taken only one step in prosecuting this action, filing the complaint.

    D.    <u>Whether the Conduct of the Party Was Willful or in Bad Faith</u>

It is not presently known whether Plaintiff's failure to prosecute this action was willful or in bad faith.

    E.    <u>Effectiveness of Alternative Sanctions</u>

Dismissal without prejudice is warranted to permit Plaintiff to show good cause for his dilatoriness.

    F.    <u>The Merits of the Claims or Defenses</u>

The Court has permitted Plaintiff's complaint to proceed past screening pursuant to 28 U.S.C. § 1915A(b) and 42 U.S.C. § 1997e(c)(1).

II. CONCLUSION

For the reasons discussed above, the Court will dismiss this action without prejudice for failure to prosecute.

An appropriate Order follows.

Dated: August 26, 2019

                                       s/Renée Marie Bumb
                                       **RENÉE MARIE BUMB**
                                       **UNITED STATES DISTRICT JUDGE**